IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD E. NEDEROSTEK and : <br> CHERYL V. NEDEROSTEK, : <br> Personal Representatives of the Estate of : <br> MARK STEPHEN NEDEROSTEK, Deceased, et al. : <br>   : <br>            Plaintiffs, : <br>   : <br> v.   : <br>   : <br> THERESE MOORE, et al., : <br>   : <br>            Defendants. : <br>   : | Case No. 1:06-cv-308-RCL |

**MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The following named Defendants: 1) County of Loudoun, 2) Department of Transportation Services, and 3) Loudoun County Board of Supervisors (hereinafter collectively referred to as "the Loudoun Defendants"), by counsel, hereby move to dismiss, or, alternatively move for summary judgment, pursuant to Fed. R. Civ. P. 12 and 56, all counts of Plaintiffs Donald E. Nederostek and Cheryl V. Nederostek as Personal Representatives of the Estate of Mark Stephen Nederostek, Deceased, Donald E. Nederostek, Individually, and Cheryl V. Nederostek, Individually ("Plaintiffs") complaint.  These motions are for the reasons stated and on the bases set forth in the Loudoun Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss, or, in the Alternative, for Summary Judgment, filed herewith.

                                                        Respectfully submitted,
                                                        County of Loudoun
                                                        Department of Transportation Services
                                                        Loudoun County Board of Supervisors
                                                        By Counsel

    /s/ Amy Kuzila
Amy L. Kuzila, Esquire
DC Bar No. 490873
Thomas Moore Lawson, Esquire
Thomas O. Lawson, Esquire
LAWSON AND SILEK, P.L.C.
160 Exeter Drive, Suite 103
P.O. Box 2740
Winchester, VA 22604
Phone: (540) 665-0050
Fax:    (540) 722-4051

John R. Roberts (VSB #22366)
County Attorney
Angela K. Plowman (VSB #37402)
Assistant County Attorney
One Harrison Street, S.E., 5th Floor
Leesburg, VA 20175
Telephone:  703-777-0307
Facsimile:  703-771-5025

Counsel for Defendants County of Loudoun,
Department of Transportation Services, and
Loudoun County Board of Supervisors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27<u>th</u> day of February, 2006, a true copy of the foregoing Motion to Dismiss, or, in the Alternative, for Summary Judgment was mailed first class, postage prepaid to:

        Robert C. Morgan, Esquire
        Morgan Shelsby Carlo Downs & Everton
        Executive Plaza IV, Suite 100
        11350 McCormick Road
        Hunt Valley, MD 21030

        Robert G. McGinley, Esquire
        Law Offices of Robert G. McGinley, P.C.
        4601 Forbes Boulevard, Suite 200
        Lanham, MD 20706

Therese Moore
19235 Kepharts Mill Terrace
Leesburg, VA 20176

Virginia Regional Transportation Association
109 N. Baily Lane
Purcellville, VA 20132

Connex North America, Inc.
8757 Georgia Avenue, Suite 1300
Silver Spring, MD 20910

Connex Transit, Inc.
2100 Huntingdon Avenue
Baltimore, MD 20910

Mary Dimaio, Esquire
Mahr and Associates
502 Washington Avenue
Towson, MD 21204


        /s/ Amy L. Kuzila         
Amy L. Kuzila, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD E. NEDEROSTEK and<br>CHERYL V. NEDEROSTEK,<br>Personal Representatives of the Estate of<br>MARK STEPHEN NEDEROSTEK, Deceased, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THERESE MOORE, et al.,<br><br>Defendants. | Case No. 1:06-cv-308-RCL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The following named Defendants: 1) County of Loudoun, 2) Department of Transportation Services, and 3) Loudoun County Board of Supervisors (hereinafter collectively referred to as "the Loudoun Defendants"), by counsel, have moved to dismiss, or, alternatively for summary judgment, pursuant to Fed. R. Civ. P. 12 and 56, all counts of Plaintiffs Donald E. Nederostek and Cheryl V. Nederostek as Personal Representatives of the Estate of Mark Stephen Nederostek, Deceased, Donald E. Nederostek, Individually, and Cheryl V. Nederostek, Individually ("Plaintiffs") complaint.

In their complaint, Plaintiffs allege that on January 13, 2005, co-defendant Therese Moore ("Moore"), while driving a motor vehicle, struck and killed a pedestrian, Mark S. Nederostek. Complaint, ¶10. The complaint alleges that at the time of the accident, Moore was acting as the "servant, agent and employee" of the Loudoun Defendants as well as of Defendants Connex North America, Inc., d/b/a Yellow Bus Lines and Connex Transit, Inc., d/b/a Yellow Bus Lines. Complaint, ¶10. The complaint also alleges that, at the time of the accident, Moore

4

was a "permissive user of a vehicle owned and/or operated and/or provided by" the Loudoun Defendants and Defendants Connex North America, Inc., d/b/a Yellow Bus Lines and Connex Transit, Inc., d/b/a Yellow Bus Lines.  Complaint, ¶13.

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) should be granted only where it appears that there is no set of facts in support of the claims which would entitle a plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint must be construed in the light most favorable to the plaintiff and "the court must assume the truth of well-pleaded allegations." Warren v. District of Columbia, 353 F.3d 36, 39 (D.C.Cir.2004).

Allegations are not "well-pleaded", however, when they are conclusory only and not supported by any alleged facts.  A complaint fails to state a claim upon which relief can be granted when it contains merely conclusory allegations unsupported by any facts in the complaint or any other of plaintiff's filings.  Bruce v. Machado, 2005 WL 486134, 2 (D.D.C.2005).

> To that end, the complaint is construed liberally in the plaintiffs' favor, and we grant plaintiffs the benefit of all inferences that can be derived from the facts alleged. *Id.* 617 F.2d at 608. However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986).

Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276, 305 U.S.App.D.C. 60, (D.C.Cir. 1994).

Federal Rules of Civil Procedure, Rule 8, allows a plaintiff to plead alternate claims or defenses.  Rule 8(e)(2) provides:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate

5

> counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

The plain language of this rule requires a plaintiff set forth such claims as being in the alternative. Moreover, the elements essential to save a complaint presenting an alternative claim against multiple defendants, such as is here present, from a motion to dismiss, are: (1) a clear statement that there is some liability to the plaintiff, and (2) a showing that plaintiff is unable to state upon which of the defendants the liability should fall. Taiyo Trading Co. v. Northam Trading Corporation, 1 F.R.D. 382 (1940), 383-384 (S.D.N.Y.1940), citing Moore's Federal Practice, pp. 2164- 2183.

The complaint in this case makes only conclusory allegations, does not set out claims in the alternative, and alleges no facts to show why liability should be imposed upon the Loudoun Defendants. While a plaintiff is entitled to plead in the alternative, the complaint does not plead alternatively, but rather alleges that Moore was an employee, agent or servant of each Defendant and that the vehicle involved was owned or operated by each Defendant. These are legal conclusions for which Plaintiff provides no factual allegations to support. As such, these allegations are insufficient to state a cause of action against the Loudoun Defendants and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Further, the complaint fails to state a cause of action against the Loudoun Defendants on the basis of their alleged "ownership" of the vehicle involved in the accident, or the permissive use of that vehicle by Moore. D.C. Code §50-1301.08 provides that an owner of a vehicle who gives permission to another to use that vehicle, can, under certain circumstances, be held liable

for the negligence of that user. This statute (and its predecessor, D.C. Code §40-408) has been interpreted by this Court to define "ownership" as not simply technical ownership, but dominion and control over the vehicle. Lee v. Ford Motor Company, 595 F.Supp. 1114 (D.D.C.1984). Thus, in order to state a cause of action under this statute, Plaintiff must allege not only that the Loudoun Defendants owned the vehicle in question, but that they had dominion and control over the vehicle and thus allowed Moore to operate the vehicle. Plaintiffs have not made such an allegation and the complaint fails to state a cause of action on this basis as well and must be dismissed.

Alternatively, the Loudoun Defendants are entitled to Summary Judgment on all counts of the complaint. First, Moore was not, at the time of the accident at issue, or at any time, an employee of any of the Loudoun Defendants. Nor was Moore, then or ever, an agent or servant of any of the Loudoun Defendants. It is undisputed that Moore was an employee of Yellow Bus Service, Inc. ("Yellow Bus"), an independent contractor that operated a commuter bus service for Loudoun County pursuant to a contract dated July 1, 2004 (the "Yellow Bus Contract"). Statement of Material Facts, ¶1, 2, 5.

Further, it is undisputed that, at the time of the accident, the vehicle in question was in the custody and control of Yellow Bus and the Loudoun Defendants had no dominion or control over the vehicle at the time of the accident, or at the time Yellow Bus gave Moore permission to operate the vehicle. The vehicle was one of approximately 22 commuter coaches technically owned by Loudoun County but the control of which was given to Yellow Bus pursuant to the Yellow Bus Contract. Statement of Material Facts, ¶¶3-6.

Summary Judgment is proper when the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law. Fed. R. Civ. P. 56(c). For the reasons stated above, it is undisputed that Moore was not the employee, agent or servant of any of the Loudoun Defendants, and none of the Loudoun Defendants had dominion or control of the vehicle involved in the accident at the time Moore was given permission to use the vehicle by her employer, Yellow Bus. Therefore, the Loudoun Defendants' Motion for Summary Judgment should be granted.

                                               Respectfully submitted,
                                               County of Loudoun
                                               Department of Transportation Services
                                               Loudoun County Board of Supervisors
                                               By Counsel


      /s/ Amy L. Kuzila
Amy L. Kuzila, Esquire
DC Bar No. 490873
Thomas Moore Lawson, Esquire
Thomas O. Lawson, Esquire
LAWSON AND SILEK, P.L.C.
160 Exeter Drive, Suite 103
P.O. Box 2740
Winchester, VA 22604
Phone: (540) 665-0050
Fax:     (540) 722-4051

John R. Roberts (VSB #22366)
County Attorney
Angela K. Plowman (VSB #37402)
Assistant County Attorney
One Harrison Street, S.E., 5th Floor
Leesburg, VA 20175
Telephone:  703-777-0307
Facsimile:  703-771-5025

Counsel for Defendants County of Loudoun,
Department of Transportation Services, and
Loudoun County Board of Supervisors

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of February, 2006, a true copy of the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss, or in the Alternative, for Summary Judgment was mailed first class, postage prepaid to:

> Robert C. Morgan, Esquire
> Morgan Shelsby Carlo Downs & Everton
> Executive Plaza IV, Suite 100
> 11350 McCormick Road
> Hunt Valley, MD 21030
>
> Robert G. McGinley, Esquire
> Law Offices of Robert G. McGinley, P.C.
> 4601 Forbes Boulevard, Suite 200
> Lanham, MD 20706
>
> Therese Moore
> 19235 Kepharts Mill Terrace
> Leesburg, VA 20176
>
> Virginia Regional Transportation Association
> 109 N. Baily Lane
> Purcellville, VA 20132
>
> Connex North America, Inc.
> 8757 Georgia Avenue, Suite 1300
> Silver Spring, MD 20910
>
> Connex Transit, Inc.
> 2100 Huntingdon Avenue
> Baltimore, MD 20910
>
> Mary Dimaio, Esquire
> Mahr and Associates
> 502 Washington Avenue
> Towson, MD 21204

　　　　/s/ Amy L. Kuzila
Amy L. Kuzila, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD E. NEDEROSTEK and<br>CHERYL V. NEDEROSTEK,<br>Personal Representatives of the Estate of<br>MARK STEPHEN NEDEROSTEK, Deceased, et al.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THERESE MOORE, et al.,<br><br>　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: Case No. 1:06-cv-308-RCL<br>:<br>:<br>:<br>:<br>: |

### STATEMENT OF MATERIAL FACTS TO WHICH THERE CAN BE NO GENUINE DISPUTE, IN SUPPORT OF "THE LOUDOUN DEFENDANTS'" MOTION FOR SUMMARY JUDGMENT

1. On or about July 1, 2004, the County of Loudoun, Virginia ("Loudoun County") entered into a contract (the "Yellow Bus Contract") with Yellow Bus Service, Inc. ("Yellow Bus") whereby Yellow Bus was to operate certain Commuter Bus Services as defined in the Yellow Bus Contract. Declaration of Nancy R. Gourley ¶2.

2. A true and correct copy of the Yellow Bus Contract is attached to the declaration of Nancy R. Gourley as <u>Exhibit A</u>. Declaration of Nancy R. Gourley, ¶2.

3. Pursuant to the Yellow Bus Contract, Loudoun County turned over to Yellow Bus approximately 22 Loudoun County owned commuter coaches. Yellow Bus was, thereafter, responsible for storage, maintenance and use of the commuter coaches to provide the Commuter Bus Services. Yellow Bus was also responsible for the recruitment, hiring and training of all operators of the commuter coaches. Declaration of Nancy R. Gourley, ¶3.

  4. The vehicle involved in the accident at issue in this case was one of the 22 commuter coaches stored, maintained and used by Yellow Bus pursuant to the Yellow Bus Contract. Declaration of Nancy R. Gourley, ¶4.

  5. The vehicle, at the time of the accident, was driven by Therese Moore. Ms. Moore was not, and has never been, an employee, agent or servant of Loudoun County, the Department of Transportation Services of Loudoun County, the Board of Supervisors of Loudoun County, or any agency of Loudoun County. Declaration of Barbara Brock, ¶2.

  6. At the time of the accident, neither Loudoun County, the Department of Transportation Services of Loudoun County, the Board of Supervisors of Loudoun County, nor any agency of Loudoun County had dominion or control over the vehicle involved in the accident. Such vehicle had been turned over to Yellow Bus pursuant to the Yellow Bus Contract. Declaration of Nancy R. Gourley, ¶5.

            Respectfully submitted,
            County of Loudoun,
            Department of Transportation Services
            Loudoun County Board of Supervisors
            By Counsel

  /s/ Amy L. Kuzila
Amy L. Kuzila, Esquire
DC Bar No. 490873
Thomas O. Lawson, Esquire
LAWSON AND SILEK, P.L.C.
160 Exeter Drive, Suite 103
P.O. Box 2740
Winchester, VA 22604
Phone: (540) 665-0050
Fax: (540) 722-4051


John R. Roberts (VSB #22366)
County Attorney

Angela K. Plowman (VSB #37402)
Assistant County Attorney
One Harrison Street, S.E., 5th Floor
Leesburg, VA 20175
Telephone:  703-777-0307
Facsimile:   703-771-5025

Counsel for Defendants County of Loudoun,
Department of Transportation Services, and
Loudoun County Board of Supervisors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2006, a true copy of the foregoing Statement of Material Facts to which There Can Be No Genuine Dispute, in Support of "The Loudoun Defendants" Motion for Summary Judgment was mailed first class, postage prepaid to:

> Robert C. Morgan, Esquire
> Morgan Shelsby Carlo Downs & Everton
> Executive Plaza IV, Suite 100
> 11350 McCormick Road
> Hunt Valley, MD 21030
>
> Robert G. McGinley, Esquire
> Law Offices of Robert G. McGinley, P.C.
> 4601 Forbes Boulevard, Suite 200
> Lanham, MD 20706
>
> Therese Moore
> 19235 Kepharts Mill Terrace
> Leesburg, VA 20176
>
> Virginia Regional Transportation Association
> 109 N. Baily Lane
> Purcellville, VA 20132
> Connex North America, Inc.
> 8757 Georgia Avenue, Suite 1300
> Silver Spring, MD 20910
>
> Connex Transit, Inc.
> 2100 Huntingdon Avenue

    Baltimore, MD 20910

    Connex Transit, Inc.
    2100 Huntingdon Avenue
    Baltimore, MD 20910

    Mary Dimaio, Esquire
    Mahr and Associates
    502 Washington Avenue
    Towson, MD 21204


\_\_\_\_/s/ Amy L. Kuzila_____
Amy L. Kuzila, Esquire